**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 96-10945
(Summary Calendar)

JAMES E. COLLINS,

Plaintiff-Appellant,

versus

JAMES D. REEVES,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
(1:95-CV-128-C)

November 19, 1996

Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant James E. Collins, a state prisoner in
Texas, proceeding pro se and <u>in</u> <u>forma</u> <u>pauperis</u>, appeals the
dismissal of his 42 U.S.C. § 1983 civil rights action as frivolous
under 28 U.S.C. § 1915(d), now redesignated as § 1915(e)(2)(B)(i).

---

[*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Collins urges that the district court abused its discretion in dismissing his pro se complaint, which implicated his warrantless arrest as well as his incarceration by Defendant-Appellant James D. Reeves, Sheriff of Stephens County, Texas, for a protracted period of time without a hearing. For the reasons set forth below, we vacate the judgment of dismissal and remand for further proceedings consistent with this opinion.

I

FACTS AND PROCEEDINGS

In his civil rights suit against Sheriff Reeves, Collins alleged that "I was arrested on Dec. 14th by Sheriff Jim Reeves, taken to Jail without ever seeing a magistrate or being present at a bond hearing. I was held 117 days without being formally charged. At the time of my arrest there was no formal charge or warrant against me." The district court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(d).[1] The court construed the complaint to allege as error (1) that Collins was placed in jail without first being taken to a magistrate or being present at a bond hearing, which the court rejected because there is no requirement that a hearing be held before a person is incarcerated; (2) that Collins was held 117 days without being formally charged, which the court rejected because Sheriff Reeves, the only defendant, would not be responsible for charging Collins and thus

_____

[1] Now § 1915(e)(2)(B)(i). See § 804, Prison Litigation Reform Act (PLRA), Pub.L. No. 104-134, 110 Stat. 1321 (1996).

2

could not be held liable; and (3) that Collins was arrested without a formal charge or warrant being issued against him, which the court rejected because circumstances exist under which an officer may make an arrest without a warrant. Collins timely appealed.

## II

## ANALYSIS

On appeal Collins urges that his warrantless arrest and his subsequent incarceration without a hearing were unlawful. A district court may dismiss an in forma pauperis (IFP) complaint as frivolous under § 1915(e) if it lacks an arguable basis in law or fact.[2] We review such dismissals for abuse of discretion,[3] considering whether the district court abused its discretion by dismissing the complaint without affording the plaintiff any opportunity to amend.[4] An IFP complaint may not be dismissed simply because the court finds the allegations to be unlikely.[5] If the plaintiff "might have presented a nonfrivolous section 1983 claim" through a Spears hearing or through a questionnaire, a dismissal as frivolous is premature.[6]

We conclude that the instant dismissal was premature and

---

[2] Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994).

[3] Denton, 504 U.S. at 33.

[4] Eason, 14 F.3d at 9.

[5] Id. at 33.

[6] See Eason, 14 F.3d at 9.

3

therefore an abuse of discretion.  The court misconstrued Collins'
complaint to allege that he was denied a hearing only before
entering jail.  In so doing, the court noted that a warrantless
arrest is permissible "if certain circumstances exist and post-
arrest procedures are timely executed (which Collins does not
allege)."  We perceive such a narrow construction of Collins' pro
se complaint as being inappropriate here.[7]  His complaint could be
fairly construed to have alleged that he did not receive a hearing
either before or after his incarceration.

The Fourth Amendment requires that a probable cause
determination be made by a judicial officer either before arrest or
promptly thereafter.[8]  Collins alleges that the district court did
not afford him an opportunity to amend his complaint; neither did
the court order Collins to file a more definite statement, or
conduct a Spears hearing to determine whether the "certain
circumstances" referred to by the court were present and whether
"post-arrest procedures" were performed.  Even if Collins has now
been convicted, his claim of unlawful arrest or illegal detention,
standing alone, does not necessarily implicate the validity of the
criminal prosecution following his arrest and detention, and

---

[7] See Haines v. Kerner, 404 U.S. 519, 520 (1972) (pro se
litigant's pleadings and briefs entitled to liberal construction).

[8] Gerstein v. Pugh, 420 U.S. 103, 119, 125 (1975); County of
Riverside v. McLaughlin, 500 U.S., 44, 56 (1991) (48 hours is
ordinarily sufficiently "prompt").

4

therefore would not necessarily be barred by <u>Heck v. Humphrey</u>.[9]

Under these circumstances we must vacate as premature the district court's dismissal of Collins' complaint, and remand the case for the further development of Collins' claims. As a preliminary matter on remand, however, the district court should examine Collins' IFP status. The PLRA amended § 1915 to require that a prisoner-appellant file a certified copy of his trust-fund account statement and pay the filing fee, in partial payments, if the trust-fund statement shows that he can do so.[10] The financial affidavit initially filed by Collins in the district court does not comply with the requirements for seeking IFP status under the PLRA.[11] Neither has Collins filed documents on appeal in support of his economic eligibility to proceed IFP. The district court did not decertify Collins' IFP status, and as of this writing this court has not determined whether a prisoner who was proceeding IFP before the effective date of the PLRA should be allowed to proceed on appeal IFP without first meeting the new requirements of § 1915. Nevertheless, prudence dictates that an examination of Collins' IFP status should be conducted first by the district court. In connection with such an examination Collins should be instructed to supplement his filings to comply with the PLRA.

---

[9] 114 S.Ct. 2364, 2372-73 (1984); <u>Mackey v. Dickson</u>, 47 F.3d 744, 746 (5th Cir. 1995).

[10] Section 1915(a),(b).

[11] <u>See</u> § 1915(a)(2).

VACATED and REMANDED.